UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE FRANKLIN, RUDY
PULIDO, LARRY ROSENBROOK,
AND KAREN CARVER,

        CASE NO. 1:11-cv-583

    Plaintiffs,

        HON. ROBERT HOLMES BELL

v.

STATE OF MICHIGAN, DEPARTMENT
OF MANAGEMENT & BUDGET,

    Defendant.
_____/

**O P I N I O N**

This matter is before the Court on Defendant's motion to dismiss Plaintiffs' amended complaint.  (Dkt. No. 8.)  For the reasons that follow, Defendant's motion will be granted with respect to Counts II and III.  Defendant's motion will also be granted on Count I with respect to Plaintiffs Franklin, Pulido, and Rosenbrook.

I.

Plaintiffs Franklin, Pulido, Rosenbrook, and Carver are all former facility supervisors employed by Defendant.  In 2009, Defendant underwent a reorganization of its Facilities Management and Operations Division, which resulted in a reduction of facility supervisors by more than half, and which required all facility supervisors to re-apply for their jobs. Plaintiffs were not selected for the available positions in the wake of this reduction.

Plaintiffs Franklin, Pulido, and Rosenbrook filed timely complaints with the Equal

Employment Opportunity Commission ("EEOC") alleging age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Eliott-Larsen Civil Rights Act ("ELCRA"). Plaintiff Carver filled an EEOC complaint alleging both age and sex discrimination under the ADEA, ELCRA, and Title VII. All Plaintiffs received right to sue letters from the EEOC, and commenced the present action. Count I of the amended complaint alleges race discrimination under Title VII. Count II is an age discrimination disparate impact claim alleging that Defendant disfavored applicants who were participants in Defendant's 457 retirement plan. Count III is an ADEA age discrimination claim.

## II.

Defendant asserts in its motion to dismiss that Plaintiff's ADEA and ELCRA claims are barred by the 11th Amendment. (*See* Dkt. No. 9 at 9-11.) Plaintiffs concede this in their brief. (Dkt. No. 10 at 6-7.) Accordingly, Plaintiffs' Counts II and III will be dismissed. Likewise, Defendant appears to have withdrawn the res judicata defense initially raised in its brief (Dkt. No. 12 at 4). Thus, only Plaintiff's Title VII claim (Count I) alleging discrimination based on race (all Plaintiffs) and gender (Plaintiff Carver only) remains before the Court.

In order to file an action for employment discrimination under Title VII, a party residing in a deferral state, such as Michigan, is required to file a charge with the EEOC within 300 days from the alleged discriminatory practice. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d). This requirement functions as a statutory prerequisite to filing suits. *Allen v.*

2

*Highlands Hosp. Corp.* 545 F.3d 387, 401 (6th Cir. 2008)(ADEA); *Puckett v. Tennessee Eastman Co.,* 889 F. 2d 1481, 1486 (6th Cir. 1989)(Title VII).

Furthermore, a plaintiff's receipt of a right-to-sue letter is a prerequisite prior to filing a Title VII claim in federal court. *Puckett,* 889 F. 2d at 1486; *Choate v. National R.R. Passenger Corp.,* 132 F. Supp. 2d 569, 572 (ED Mich. 2001). And, it is well-settled that, within the 6th Circuit, "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp.*, 302 F.3d 367, 380 (6th Cir. 2002) (citation omitted).

Defendant argues that Plaintiffs Franklin, Pulido, and Rosenbrook's Title VII claims for discrimination on the basis of race must be dismissed because these Plaintiffs' EEOC complaints were based on age discrimination and are devoid of any mention of race or Title VII. (Dkt. No. 9 at 7; Dkt. No. 12 at 2-3.) Plaintiffs counter that their Title VII claims should be allowed to proceed because they are related to the facts alleged in their EEOC complaints. (Dkt. No. 10 at 4-5); *See Weigel*, 302 F.3d at 380 ("'[W]here facts related with respect to the charged claim would prompt the EEOC investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'") (quoting *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

Upon review of Plaintiffs Franklin, Pulido, and Rosenbrook's EEOC complaints (Dkt. No. 9, Ex. 4-6), the Court finds that Plaintiffs did not provide any factual allegations which would have prompted the EEOC to investigate a claim of racial discrimination under Title

VII. These plaintiffs' EEOC documents merely state the plaintiff's age, that their positions had been eliminated, and an allegation that age was a factor in Defendant's decision not to rehire them. The documents claim violation of the ADEA and ELCRA; they do not mention Title VII, which offers no protection against discrimination based on age. As Plaintiffs note in their response brief, the determinative inquiry is whether Plaintiff "'alleged sufficient facts in his EEOC Complaint to put the EEOC on notice' of his charge of racial discrimination, despite his failure to check the 'race' box on the EEOC's complaint form." *Cantu v. Michigan Dept of Corr*, 653 F. Supp. 2d 726, 739 (E.D. Mich. 2009) (quoting *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004)). An allegation of age discrimination, without more, does not provide notice of a charge of discrimination based on race. Accordingly, Plaintiffs Franklin, Pulido, and Rosenbrook's Title VII claims will be dismissed.

Unlike the three plaintiffs discussed above, Plaintiff Carver did cite Title VII in her EEOC complaint, alleging discrimination on the basis of sex. Defendant does not contest this and, in light of its abandonment of a res judicata defense, has withdrawn its motion to dismiss Plaintiff Carver's Title VII claim.

### IV.

Plaintiffs have conceded to dismissal of their age discrimination claims in Counts I and II because of 11th Amendment immunity. Plaintiffs Franklin, Pulido, and Rosenbrook's Title VII claims will also be dismissed because they go beyond the scope of the charges filed before the EEOC. Plaintiff Carver's Title VII claim for discrimination based on sex is

therefore the only claim remaining before the Court. An order consistent with this opinion will be entered.


Dated: January 12, 2012 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE